UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN PAINT BUILDING, LLC, <br><br> Plaintiff <br><br> v. <br><br> INDEPENDENT SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY B604510568622021, and INTERSTATE FIRE AND CASUALTY COMPANY <br><br> Defendants | No. 2:22-cv-3308 <br><br> Judge Sarah S. Vance <br><br> Magistrate Judge Donna Phillips Currault |

## MEMORANDUM IN SUPPORT OF MOTION TO OPT OUT OF STREAMLINED SETTLEMENT PROGRAM

Defendants, Independent Specialty Insurance Company, Interstate Fire and Casualty Company and Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Binding Authority No. B604510568622021, respectfully request that the Court permit the parties to opt out of the Court's Streamlined Settlement Program ("SSP") because: (1) Plaintiff is required to arbitrate its claims and the Court is not the proper forum for resolving the dispute; and (2) participation in the SSP will increase the costs and time for resolving the dispute, which is contrary to the purposes of arbitration.

Plaintiff filed suit seeking to recover under a property insurance policy that contains a provision requiring arbitration of the dispute. The arbitration provision is enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, as well as the Federal Arbitration Act.[1] On May 16, 2023 Defendants filed a Motion to Compel Arbitration

---

[1] *See also* Defendants' Motion to Compel Arbitration (Doc. 12)

28622881.1:11042-0396

requesting that the Court compel arbitration and stay or, alternatively, dismiss these proceedings. Because Plaintiff is required to arbitrate its claims, this Court is not the proper forum for resolution of this dispute. The Motion was dismissed without prejudice by the Court as premature for failure to Opt out of the SSP. (R. doc 15) Defendants file the instant motion and will refile the Motion to Compel.

The purpose of arbitration is to avoid the formality, expense, and procedures of litigation. In particular, in "arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes."[2] Participating in the SSP will increase the costs and time for resolving the parties' disputes, which contravenes the purposes of arbitration. In fact, these are the exact costs arbitration seeks to avoid.

For this reason, courts in this Circuit are routinely permitting the parties to opt-out of the SSP, when there is an arbitration provision.[3] In so holding, Courts have reasoned that "the parties' contract as well as binding precedent requires arbitration, and compelling arbitration will bring this matter to resolution justly and expeditiously, in accordance with the CMO's objectives."[4]

---

[2] *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 685 (2010). *See also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) ("by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'") (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

[3] *See 419 Carondelet, LLC v. Certain Underwriters at Lloyd's, London*, No. CV 22-4311, 2023 WL 143318, at *2 (E.D. La. Jan. 10, 2023); *Quality Housing, LLC v. Independent Specialty Insurance Company,* No. 2:22-CV-03774 (E.D. La. Jan. 26, 2023) (a copy is attached as Exhibit A); *3501 N. Causeway Assocs., LLC v. Certain Underwriters at Lloyd's, London*, No. CV 22-3787, 2023 WL 1765920, at *2 (E.D. La. Feb. 3, 2023)

[4] *3501 N. Causeway Assocs., LLC* No. CV 22-3787, 2023 WL 1765920, at *3.

Indeed, the Court has found that requiring participation in the SSP would hinder, rather than promote, the swift and just resolution of the matter.[5]

In summary, the Court is not the proper forum for resolving this dispute because Plaintiff is required to arbitrate its claims. Participation in the SSP is contrary to the purpose of arbitration and deprives the parties of its benefits. For these reasons, Defendants respectfully request that the Court grant Defendants' Motion to Opt Out of the Streamlined Settlement Program.

Respectfully submitted,

**WOOD, SMITH, HENNING & BERMAN LLP**

  /s/ Lori Barker
Lori Barker (La. Bar No. 31687)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Phone: (504) 386-9840
Fax:     (504) 386-9841
Email:   LBarker@wshblaw.com
  *Counsel for Defendants*

---

[5] "While the Court finds it appropriate to enforce the carefully considered policies and procedures as set forth in the CMO in order to promote the uniform and efficient administration of justice in the myriad Hurricane Ida-related insurance disputes before the Court, the Court nevertheless recognizes that, in certain cases, the efficient administration of justice dictates that the Court give some flexibility to the parties, as appropriate." *419 Carondelet,* No. CV 22-4311, 2023 WL 143318, at *2.

28622881.1:11042-0396