UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN PAINT BUILDING, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-3308 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | * | SECTION "R"  DIV. (2) |

## ORDER AND REASONS

Before me is a Motion to Opt-Out of Streamlined Settlement Program filed by Defendants Independent Specialty Insurance Company, Certain Underwriters at Lloyd's, London, and Other Insurers Subscribing to Binding Authority No. B604510568622021. ECF No. 16.  Plaintiff American Paint Building, LLC did not file an Opposition Memorandum to this motion, but did file an opposition to Defendants' related Motion to Compel Arbitration.  ECF Nos. 17, 25.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the motion (ECF No. 16) is DENIED WITHOUT PREJUDICE for the reasons stated herein.

## I.   BACKGROUND

Plaintiff American Paint Building, LLC filed suit against its insurers seeking a declaratory judgment and damages for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees alleging failure to timely and reasonably adjust the loss and pay insurance proceeds.  ECF No. 1.

Defendants seek to opt-out of the streamlined settlement program adopted as part of the Court's Hurricane Ida case management order.  ECF No 16.  Defendants argue that the insurance

policy at issue contains an arbitration provision enforceable under the Federal Arbitration Act, and, because this Court is not the proper forum,[1] they should not be forced to comply with the CMO's SSP. *Id.*; *see also* ECF No. 17-1 at 1-2. Defendants argue that courts routinely permit parties to opt-out of the SSP when obliged to arbitrate. *Id.* at 2.

Citing LA. REV. STAT. § 22:1892 and § 22:1973, Plaintiff opposes the motion to compel arbitration and argues that its bad faith claims are not a "matter in dispute" under the insurance policy, hence they are not subject to the arbitration agreement. ECF No. 25. Accordingly, Plaintiff seeks a partial denial of Defendants' Motion to Compel so that the Court may retain jurisdiction over the bad faith claims pending arbitration of coverage. *Id*. at 3-4. Plaintiff further requests that the Court stay the matter, as opposed to dismissing it, for purposes of judicial efficiency. *Id*. at 4.

## II.    APPLICABLE LAW AND ANALYSIS

On August 26, 2022, this Court adopted Case Management Order ("CMO") No. 1 to govern Hurricane Ida claims. CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Although parties may not opt out of the mandatory initial disclosures set forth in Section 1, they may seek to opt-out of the SSP in Section 3 upon a showing of good cause. *See* Section 3.

The Convention of the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), opened for signature June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, is an international treaty with its purpose "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[2] The

---

[1] Defendants have also filed a Motion to Compel Arbitration, which is pending before Judge Vance. ECF No. 17.
[2] *Sherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n.15 (1974).

Convention thus provides citizens of signatory countries with the right to enforce arbitration agreements. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, codifies the Convention and provides for its enforcement in United States courts.[3]

The McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, shields state laws regulating insurance from the preemptive effect of federal law. *Id.* §§ 1011, 1012. Pursuant to these provisions, Louisiana adopted LA. REV. STAT. § 22:868,[4] which serves to "reverse-preempt" the FAA's provisions on the enforceability of arbitration provisions in insurance agreements.[5] This "reverse preemption," however, applies only to "Acts of Congress," not to treaties.[6] Thus, while Louisiana law ordinarily prohibits enforcement of arbitration clause covering insurance disputes, the Convention supersedes that Louisiana state law.[7] Consequently, when a case involves a foreign insurer, both domestic and foreign insurers or even policies of domestic insurers where the claims are intertwined with the policy of a foreign insurer, courts will enforce the arbitration provision as

---

[33] *See Id.* § 201 ("The Convention ... shall be enforced in United States courts in accordance with this chapter."); *see also id.* § 206 ("A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States.").

[4] Section 868 provides, in pertinent part:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
> . . .
> (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.
> . . .
> D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.

[5] *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430–31 (5th Cir. 2019), *as revised* (June 6, 2019) (citing LA. REV. STAT. § 22:868(A)(2); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982) (holding that classification of a contract as an insurance contract renders the arbitration provisions unenforceable under § 22:868)); *Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490 (5th Cir. 2006).

[6] *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 723 (5th Cir. 2009).

[7] *City of Kenner v. Certain Underwriters at Lloyd's London*, No. 22-2167, 2022 WL 16961130, at *2 (E.D. La. Nov. 16, 2022) (Vance, J.) (citation omitted).

to all insurers, even the domestic insurers, under the Convention.[8]  When, however, the case involves only domestic insurers with no connection to any foreign insurer, courts have refused to enforce the insurance policy's arbitration provision.[9]

## III.   **CONCLUSION**

The disputed issue of whether the arbitration provision is enforceable is more appropriately resolved by Judge Vance on the pending motion to compel arbitration (ECF No. 17), not in the context of a motion to opt-out of the SSP.  Unless and until Judge Vance finds that arbitration is proper, however, Defendant has not established good cause to opt-out of the SSP as necessary to prevail on this motion.  Accordingly,

IT IS ORDERED that Defendants' Motion to Opt-Out of the Streamlined Settlement Program (ECF No. 16) is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 17th day of July, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[8] *See, e.g., 419 Carondelet, L.L.C v. Certain Underwrites at Lloyd's London*, No. 22-4311, 2021 WL 143318 (E.D. La. Jan. 10, 2023) (Vitter, J.); *Academy of the Sacred Heart v. Certain Underwriters at Lloyd's London*, ___ F. Supp. 3d ___, No. 22-4401, 2023 WL 246832 (E.D. La. Jan. 18, 2023) (Africk, J.); Kronlage Family Ltd. P'ship, ___ F. Supp. 3d ___, No. 22-1013, 2023 WL 246847 (E.D. La. Jan. 17, 2023) (Brown, C.J.); *Parish of St. Charles v. HDI Global Specialty SE*, No. 22-3404, 2023 WL 1419937 (E.D. La. Jan. 31, 2023) (Ashe, J.); *MWH Mini Storage, L.L.C. v. Underwrites at Lloyd's London*, No. 22-2760, 2023 WL 2436681 (E.D. La. Feb. 6, 2023) (Guidry, J.).
[9] *See Fairway Village Condo. v. Indep. Specialty Ins. Co.*, No. 22-2022, 2023 WL 2866944 (E.D. La. Apr. 10, 2023) (Brown, C.J.) (denying arbitration and finding that an arbitration clause is distinct from jurisdiction and venue issue addressed by LA. REV. STAT.  § 22:868(D)) (citing *Bufkin Enters., LLC v. Indian Harbor Ins. Co.*, No. 21-4017, 2023 WL 239370 at *7 (W.D. La. Mar. 7, 2023) (Cain, J.)), appeal filed No. 23-30274 (5th Cir. Apr. 27, 2023); *Next Level Hospitality, L.L.C v. Independent Specialty Ins. Co.*, No. 21-4240, 2023 WL 2771583 (W.D. La. Mar. 31, 2023) (Cain, J.) (denying domestic insurer's motion to compel arbitration, finding that no foreign insurer was involved and that La. Rev. Stat. § 22:868 reverse-preempts the FAA pursuant to the McCarron-Ferguson Act's shielding of state laws regulating insurance from the preemptive effect of federal law).