UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN PAINT BUILDING, LLC | CIVIL ACTION |
| VERSUS | NO. 22-3308 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | SECTION "R" (2) |

**ORDER AND REASONS**

Before the Court is defendants' motion to compel arbitration.[1] Plaintiff opposes the motion.[2] For the following reasons, the Court grants the motion.

I.   BACKGROUND

This action arises from a dispute relating to compensation for property damage caused by Hurricane Ida. Plaintiff alleges in its state court petition that defendants are liable under an insurance policy for damages to a multi-family apartment complex in New Orleans that was extensively damaged by the hurricane.[3] Defendants removed the action to this Court, alleging federal question jurisdiction because the subject matter of the action relates to an

---

[1] R. Doc. 17.
[2] R. Doc. 25.
[3] R. Doc. 1-1 ¶¶ 7-46.

arbitration agreement falling under the New York Convention for purposes of 9 U.S.C. § 205.[4]  Defendants thereafter filed a motion to compel arbitration,[5] which was denied without prejudice as premature[6] due to the stay in these proceedings under the Hurricane Ida Claims Case Management Order No. 1.[7]  Defendants subsequently filed a motion to opt-out[8] of the Streamlined Settlement Program and refiled their motion to compel arbitration.[9]

Magistrate Judge Donna Phillips Currault denied without prejudice the motion to opt-out because defendants could not show good cause to opt-out until the Court found that arbitration was proper.[10]  In her Order and Reasons, Magistrate Judge Currault noted that:

> [W]hile Louisiana law ordinarily prohibits enforcement of arbitration clause covering insurance disputes, the Convention [of the Recognition and Enforcement of Foreign Arbitral Awards] supersedes that Louisiana state law.  Consequently, when a case involves a foreign insurer, both domestic and foreign insurers or even policies of domestic insurers where the claims are intertwined with the policy of a foreign insurer, courts will enforce the arbitration provision as to all insurers, even the domestic insurers, under the Convention.[11]

---

[4] R. Doc. 1.
[5] R. Doc. 12.
[6] R. Doc. 8.
[7] R. Doc. 4.
[8] R. Doc. 16.
[9] R. Doc. 17.
[10] R. Doc. 28.
[11] *Id.* at 3-4 (citations omitted).

Thus, defendants allege that arbitration is mandated by the Convention, while plaintiff contends that the dispute falls outside of the arbitration clause in the insurance policy. The arbitration clause provides that "[a]ll matters in dispute between . . . the parties . . . in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal."[12] It further states that "[t]he Arbitration Tribunal may not award exemplary, punitive, multiple, or other damages of a similar nature."[13]

The Court considers the motion below.

## II. LEGAL STANDARD

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs, Inc.*, 379 F.3d 327, 339 (5th Cir. 2004). "[A] court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; '(3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an

---

[12] R. Doc. 25 at 2.
[13] *Id.* at 3.

American citizen.'" *Id.* (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 274 (5th Cir. 2002)). Once "these requirements are met, the Convention requires district courts to order arbitration." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex)*, 767 F.2d 1140, 1145 (5th Cir. 1985). "The first step of the analysis—whether the parties agreed to arbitrate the dispute in question—consists of two separate determinations: '(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'" *Tittle v. Enron Corp.*, 463 F.3d 410, 418-19 (5th Cir. 2006) (quoting *Webb v. Investacorp, Inc.,* 89 F.3d 252, 258 (5th Cir. 1996)).

No party challenges the validity of the arbitration clause in this case. "In determining whether a particular claim falls within the scope of an arbitration agreement, the focus is properly placed on the factual allegations of the complaint rather than the legal causes of actions asserted." *Mosaic Underwriting Serv., Inc. v. MONCLA Marine Operations, L.L.C.*, 926 F. Supp. 2d 865, 869 (E.D. La. 2013). "[W]hen confronted with arbitration agreements, we presume that arbitration should not be denied 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Sedco, Inc.*,

4

767 F.2d at 1145 (quoting *Commerce Park of DFW Freeport, v. Mardian Constr. Co.*, 729 F.3d 334, 338 (5th Cir. 1984)).

**III. DISCUSSION**

In defendants' motion to compel arbitration, they allege that the dispute is covered by the Convention because "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in . . . the United States; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen or the commercial relationship has a reasonable relation to a foreign state."[14] Plaintiff does not dispute the applicability of the Convention except insofar as it alleges that the dispute falls outside of the arbitration clause included in the insurance policy at issue in this case.[15] Thus, the only issue is whether the instant dispute is one that the parties have agreed to arbitrate under the arbitration clause.

Plaintiff's first argument is that its bad faith claims are statutory and are not matters in dispute in relation to the insurance policy.[16] "Contrary to [p]laintiff's argument that its bad-faith claims fall outside the scope of the

---

[14] R. Doc. 8.
[15] R. Doc. 25 at 2-3.
[16] *Id.*

5

arbitration agreement because they are 'statutory' and 'not based on the Policy,' the substance of these claims relates to the insurance agreement." *Ten G, LLC v. Certain Underwriters at Lloyd's London*, No. 22-4426, 2023 WL 4744170, at *7 (E.D. La. July 25, 2023) (quoting *Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's London*, No. 20-102, 2021 WL 359735, at *15 (M.D. La. Feb. 2, 2021)). "Without the Policy of insurance between the parties, no disputes or differences would exist." *Id.*

Plaintiff's second argument is that the carve-out for exemplary and punitive damages demonstrates that the parties did not intend for bad faith claims to be subject to arbitration.[17] The Court finds no authority holding that the language in the carve-out here operates as a waiver of the right to arbitrate any claims that might result in exemplary, punitive, multiple, or other similar damages. "At most, this clause limits the damages [that] an arbitrator might order in the event that [p]laintiff [were] to prevail at arbitration." *Figear, LLC v. Velocity Risk Underwriters Claims*, No. 22-01094, 2022 WL 2812980, at *2 (E.D. La. July 18, 2022). The Court cannot say "with positive assurance" that the broad arbitration clause here "is not susceptible of an interpretation [that] would cover the dispute at issue." *Sedco, Inc.*, 767 F.2d at 1145 (quoting *Commerce Park*, 729 F.3d at 338). In

---

[17] *Id.*

light of this, the Court must presume that arbitration should not be denied. *Id.* Accordingly, the Court finds that plaintiff's claims fall within the scope of the arbitration clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to compel arbitration and this matter is STAYED and ADMINISTRATIVELY CLOSED until a final resolution of the arbitration proceedings has been rendered and the Court, upon written motion of any party, finds it appropriate to vacate the stay.

New Orleans, Louisiana, this __30th__ day of August, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE